| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| BRENT HEBERT, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | No. _____ |
| v. | § § | |
| TECHNIPFMC USA, INC., | § § | |
| *Defendant(s)*. | § | |

## PLAINTIFF BRENT HEBERT'S ORIGINAL COMPLAINT

Plaintiff Brent Hebert (referred to as "Hebert") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant TechnipFMC USA, Inc. (referred to as "TechnipFMC") who worked as installation engineers at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.      Hebert's claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      TechnipFMC violated the FLSA by employing Hebert and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      TechnipFMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.      Hebert brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of TechnipFMC who worked as installation engineers at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime during the past three years.

## II.  Jurisdiction & Venue

7.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.      Venue is proper in this district and division because TechnipFMC resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III.  Parties

9.      Hebert is an individual who resides in Lafayette Parish, Louisiana and who was employed by TechnipFMC during the last three years.

10.      TechnipFMC is a Delaware corporation that may be served with process by serving its registered agent:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

Alternatively, if the registered agent of TechnipFMC cannot with reasonable diligence be found at the company's registered office, TechnipFMC may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.      An allegation that TechnipFMC committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission

was committed, it was done with the full authorization, ratification or approval of TechnipFMC or was done in the normal course and scope of employment of TechnipFMC's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12.    TechnipFMC is an onshore and offshore oil and gas services company.

13.    TechnipFMC does business in the territorial jurisdiction of this Court.

14.    TechnipFMC employed Hebert from June 2013 to February 2020.

15.    TechnipFMC initially employed Hebert as a rotational engineer (through 2015) and later as an installation engineer (from 2015 through the end of his employment).

16.    As an installation engineer, Hebert was responsible for pressuring testing and equipment assembly and installation alongside service technicians; he also provided planned and unplanned technical support for onshore and offshore activities.

17.    During Hebert's employment with TechnipFMC, he was engaged in commerce or in the productions of goods for commerce.

18.    During Hebert's employment with TechnipFMC, the company had employees engaged in commerce or in the production of goods for commerce.

19.     During Hebert's employment with TechnipFMC, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.     During Hebert's employment with TechnipFMC, the company had an annual gross volume of sales made or business done of at least $500,000.

21.     TechnipFMC paid Hebert on a salary-plus-day-rate-basis.

22.     TechnipFMC paid Hebert on a biweekly basis by direct deposit.

23.     During Hebert's employment with TechnipFMC, he regularly worked in excess of forty hours per week.

24.     TechnipFMC knew or should have known that Hebert worked in excess of forty hours per week.

25.     TechnipFMC did not pay Hebert for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26.     Instead, TechnipFMC paid Hebert on a salary-plus-day-rate basis without overtime.

27.     Hebert was not exempt from the maximum hour requirements of the FLSA.

28.     As an installation engineer, Hebert's primary duties were nonexempt.

29.     As an installation engineer, Hebert's primary duties did not include office or nonmanual work.

30.     As an installation engineer, Hebert's primary duties were not directly related to the management or general business operations of TechnipFMC's or its customers.

31.     As an installation engineer, Hebert's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32.     As an installation engineer, Hebert did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33.     As an installation engineer, Hebert was, instead, required to follow TechnipFMC's policies, practices and procedures.

34.     As an installation engineer, Hebert did not have any independent authority to deviate from TechnipFMC's policies, practices and procedures.

35.     TechnipFMC knew or should have known that Hebert was not exempt from the maximum hour requirements of the FLSA.

36.     TechnipFMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37.     During Hebert's employment with TechnipFMC, the company did not maintain accurate time and pay records for Hebert as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38.     Specifically, TechnipFMC instructed Hebert to always record working twelve hours per day, even though he routinely worked more.

39.     During Hebert's employment with TechnipFMC, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40.     TechnipFMC continued the pay practice(s) complained of by Hebert without investigation after being put on notice that the pay practice(s) violated the FLSA.

41.     TechnipFMC has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42.     Prior to this lawsuit, TechnipFMC conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Hebert.

43.     Because TechnipFMC willfully violated the FLSA, the company is liable to Hebert for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44.     As a result of the FLSA violation(s) described above, TechnipFMC is liable to Hebert for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

45.     All installation engineers who worked at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime and who were employed by TechnipFMC during the last three years are similarly situated to Hebert because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from TechnipFMC under 29 U.S.C. § 216(b).

### V.  Count One— 
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

46.     Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47.     During Hebert's employment with TechnipFMC, he was a nonexempt employee.

48.     As a nonexempt employee, TechnipFMC was legally obligated to pay Hebert "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

49.     TechnipFMC did not pay Hebert "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

50.     Instead, TechnipFMC paid Hebert on a salary-plus-day-rate basis without overtime.

51.     If TechnipFMC classified Hebert as exempt from the maximum hour requirements of the FLSA, he was misclassified.

52.     As a result of the FLSA violation(s) described above, TechnipFMC is liable to Hebert for back wages equal to the difference between what it should have paid and what it actually paid.

## VI.  Count Two— Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

53.     Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54.     TechnipFMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

55.     Specifically, TechnipFMC (1) failed to maintain accurate time records; (2) failed to post and keep posted the notice required by 29 C.F.R. § 516.4; (3) continued the pay practice(s) complained of by Hebert without investigation after being put on notice that the pay practice(s) violated the FLSA; (4) has a history of FLSA violations that put the company on actual notice of the FLSA; and (5) conducted one or more internal investigation which revealed violations similar to the one(s) complained of by Hebert.

56.     Because TechnipFMC willfully violated the FLSA, the company is liable to Hebert for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

57.     Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58.     On information and belief, other employees of TechnipFMC have been victimized by the FLSA violation(s) described above.

59.     These employees are similarly situated to Hebert because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

60.     TechnipFMC's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

61.     Since Hebert's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

62.     For these reasons, Hebert requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All installation engineers employed by TechnipFMC during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime.

63.     TechnipFMC is liable to Hebert and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

64.     Hebert has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

65.    Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

66.    Hebert is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

67.    Hebert is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

68.    Hebert has retained the professional services of the undersigned attorneys.

69.    Hebert has complied with the conditions precedent to recovering attorney's fees and costs.

70.    Hebert has incurred or may incur attorney's fees and costs in bringing this lawsuit.

71.    The attorney's fees and costs incurred or that may be incurred by Hebert were or are reasonable and necessary.

72.    TechnipFMC is liable to Hebert both individually and on behalf of all similarly situated employees for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

73.    Hebert demands the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  an incentive award for Hebert for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.  judgment against TechnipFMC in Hebert's favor both individually and on behalf of all similarly situated employees of TechnipFMC for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against TechnipFMC in Hebert's favor both individually and on behalf of all similarly situated employees of TechnipFMC.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _Melissa Moore_____
     Melissa Moore
     Tex. Bar No. 24013189
     S.D. Tex. Bar No. 25122
     melissa@mooreandassociates.net
     Curt Hesse
     Tex. Bar. No. 24065414
     S.D. Tex. Bar No. 968465
     curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net