UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS
                                              HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT HEBERT, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § § | No. 4:20-cv-02059 |
| v. | § § | |
| FMC TECHNOLOGIES, INC., | § § § | |
| *Defendant(s)*. | § | |

## PLAINTIFF BRENT HEBERT'S FIRST AMENDED COMPLAINT

Plaintiff Brent Hebert (referred to as "Hebert") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant FMC Technologies, Inc. (referred to as "FMC") who worked as installation engineers at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Hebert's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. FMC violated the FLSA by employing Hebert and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. FMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Hebert brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of FMC who worked as installation engineers at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because FMC resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III. Parties

9. Hebert is an individual who resides in Lafayette Parish, Louisiana and who was employed by FMC during the last three years.

10. FMC is a Delaware corporation that has been served with process and has appeared.

11. An allegation that FMC committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of FMC or was done in the normal course and scope of employment of FMC's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. FMC is an onshore and offshore oil and gas services company.

13. FMC does business in the territorial jurisdiction of this Court.

14. FMC employed Hebert from June 2013 to February 2020.

15. FMC initially employed Hebert as a rotational engineer (through 2015) and later as an installation engineer (from 2015 through the end of his employment).

16. As an installation engineer, Hebert was responsible for pressuring testing and equipment assembly and installation alongside service technicians; he also provided planned and unplanned technical support for onshore and offshore activities.

17. During Hebert's employment with FMC, he was engaged in commerce or in the productions of goods for commerce.

18. During Hebert's employment with FMC, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Hebert's employment with FMC, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Hebert's employment with FMC, the company had an annual gross volume of sales made or business done of at least $500,000.

21. FMC paid Hebert on a salary-plus-day-rate-basis.

22. FMC paid Hebert on a biweekly basis by direct deposit.

23. During Hebert's employment with FMC, he regularly worked in excess of forty hours per week.

24. FMC knew or should have known that Hebert worked in excess of forty hours per week.

25. FMC did not pay Hebert for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, FMC paid Hebert on a salary-plus-day-rate basis without overtime.

27. Hebert was not exempt from the maximum hour requirements of the FLSA.

28. As an installation engineer, Hebert's primary duties were nonexempt.

29. As an installation engineer, Hebert's primary duties did not include office or nonmanual work.

30. As an installation engineer, Hebert's primary duties were not directly related to the management or general business operations of FMC's or its customers.

31. As an installation engineer, Hebert's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As an installation engineer, Hebert did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As an installation engineer, Hebert was, instead, required to follow FMC's policies, practices and procedures.

34. As an installation engineer, Hebert did not have any independent authority to deviate from FMC's policies, practices and procedures.

35. FMC knew or should have known that Hebert was not exempt from the maximum hour requirements of the FLSA.

36. FMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Hebert's employment with FMC, the company did not maintain accurate time and pay records for Hebert as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. Specifically, TechnipFMC instructed Hebert to always record working twelve hours per day, even though he routinely worked more.

39. During Hebert's employment with FMC, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40. FMC continued the pay practice(s) complained of by Hebert without investigation after being put on notice that the pay practice(s) violated the FLSA.

41. FMC has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42. Prior to this lawsuit, FMC conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Hebert.

43. Because FMC willfully violated the FLSA, the company is liable to Hebert for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44. As a result of the FLSA violation(s) described above, FMC is liable to Hebert for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

45. All installation engineers who worked at any location in the United States and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime and who were employed by FMC during the last three years are similarly situated to Hebert because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from FMC under 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

46. Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47. During Hebert's employment with FMC, he was a nonexempt employee.

48. As a nonexempt employee, FMC was legally obligated to pay Hebert "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

49. FMC did not pay Hebert "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

50. Instead, FMC paid Hebert on a salary-plus-day-rate basis without overtime.

51. If FMC classified Hebert as exempt from the maximum hour requirements of the FLSA, he was misclassified.

52. As a result of the FLSA violation(s) described above, FMC is liable to Hebert for back wages equal to the difference between what it should have paid and what it actually paid.

### VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

53. Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54. FMC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

55. Specifically, FMC (1) failed to maintain accurate time records; (2) failed to post and keep posted the notice required by 29 C.F.R. § 516.4; (3) continued the pay practice(s) complained of by Hebert without investigation after being put on notice that the pay practice(s) violated the FLSA; (4) has a history of FLSA violations that put the company on actual notice of the FLSA; and (5) conducted one or more internal investigation which revealed violations similar to the one(s) complained of by Hebert.

56. Because FMC willfully violated the FLSA, the company is liable to Hebert for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

57. Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58. On information and belief, other employees of FMC have been victimized by the FLSA violation(s) described above.

59. These employees are similarly situated to Hebert because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

60. FMC's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

61. Since Hebert's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

62. For these reasons, Hebert requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All installation engineers employed by FMC during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime.

63. FMC is liable to Hebert and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

64. Hebert has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four— Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

65. Hebert adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

66. Hebert is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

67. Hebert is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

68. Hebert has retained the professional services of the undersigned attorneys.

69. Hebert has complied with the conditions precedent to recovering attorney's fees and costs.

70. Hebert has incurred or may incur attorney's fees and costs in bringing this lawsuit.

71. The attorney's fees and costs incurred or that may be incurred by Hebert were or are reasonable and necessary.

72. FMC is liable to Hebert both individually and on behalf of all similarly situated employees for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

### IX. Relief Sought

73. Hebert demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b. an incentive award for Hebert for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c. judgment against FMC in Hebert's favor both individually and on behalf of all similarly situated employees of FMC for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d. all other relief and sums that may be adjudged against FMC in Hebert's favor both individually and on behalf of all similarly situated employees of FMC.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

> Mr. Todd W. Mensing
> tmensing@azalaw.com
> Mr. Joseph Y. Ahmad
> joeahmad@azalaw.com
> Mr. Rey M. Flores
> rflores@azalaw.com
> Ms. Jordan L. Warshauer
> jwarshauer@azalaw.com
> AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
> 1221 McKinney Street, Suite 2500
> Houston, Texas 77010
> Facsimile: (713) 655-0062
> *Attorney(s) for Defendant FMC Technologies, Inc.*
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☐ CM/ECF system

November 6, 2020
Date

_Melissa Moore_
Melissa Moore